J. EULAN JOHNSON AND WIFE, SANDRA JOHNSON v. THE TOWN OF LONG-VIEW, NORTH CAROLINA, CALVIN C. MOORE, BUILDING INSPECTOR OF THE TOWN OF LONGVIEW, NORTH CAROLINA

No. 7725SC542

(Filed 20 June 1978)

1. **Municipal Corporations § 30.3— zoning ordinance—ordinance book**

    A town zoning ordinance was not unenforceable against plaintiffs on the ground that it had not been filed and indexed in an ordinance book in compliance with G.S. 160A-78 where, prior to plaintiffs' request for a building permit, the town codified a code of ordinances, and prior to the codification the town kept its zoning ordinance separate and apart from its minutes.

2. **Municipal Corporations § 30.20— amendment of zoning ordinance—public hearings before zoning board**

    Former G.S. 160-177 did not require a zoning board to conduct public hearings before making its recommendations to the town board for amendment of the town zoning ordinance.

APPEAL by plaintiffs from *Ferrell, Judge*. Judgment entered 20 May 1977 in Superior Court, CATAWBA County. Heard in the Court of Appeals 31 March 1978.

Plaintiffs brought this action to compel the defendants to issue a building permit authorizing them to build an addition to their hosiery mill on a lot adjacent to an existing mill. Defendants answered that Chapter 20 of the Code of Laws of the Town of Longview zoned the land in question as "Residential B" and that the hosiery mill was not a use permitted under that zoning classification. On 23 July 1976, plaintiffs moved for summary judgment. Thereafter, over a period of several months, both parties submitted affidavits.

On 20 May 1977, the judge entered judgment in which he set out the undisputed facts and concluded as a matter of law that plaintiffs were not entitled to the relief prayed for in the complaint. The action was dismissed.

*Thomas and Brantley, by Kenneth D. Thomas, for plaintiff appellants.*

*Joe P. Whitener, for defendant appellees.*

VAUGHN, Judge.

Although the judgment from which plaintiffs appeal is described as a "summary judgment," it is perfectly clear that the attorneys and the judge treated the proceeding as a trial before the judge on an agreed statement of facts. On oral argument the attorneys agreed that all of the essential facts were stipulated and only questions of law were presented.

Plaintiffs, of course, had the burden of proof. It was, therefore, incumbent upon them to show that the building permit they sought was for a purpose authorized by the zoning ordinance of defendant. It is undisputed that defendant Longview adopted a comprehensive zoning ordinance in 1950. The validity of that ordinance is not questioned. The record is silent as to what it provided with reference to the subject property. The record is also silent as to whether the 1967 ordinance, now under attack, made any change in the 1950 comprehensive zoning ordinance as it relates to the property in question. We will, nevertheless, go directly to the question of whether plaintiffs have shown the 1967 ordinance to be invalid, as alleged. We conclude that they have not.

[1]   Plaintiffs first contend that the ordinance cannot be enforced because it had not been "codified or filed and indexed in accordance with G.S. 160A-77 or 160A-78." *See* G.S. 160A-79(d). The argument must fail. The record discloses that defendant is a town of less than 5,000, and G.S. 160A-77, by its express terms, applies only to cities having a population of 5,000 or more. It appears that defendant, prior to the time plaintiffs requested their permit, did codify a code of ordinances. Even prior to that time the town kept its zoning ordinance separate and apart from the minute book. For purposes of their attack on the zoning ordinance, therefore, we hold that plaintiffs have failed to show that defendant was not substantially in compliance with G.S. 160A-78.

[2]   Plaintiffs' other attack on the 1967 amendment to the zoning ordinance is by way of a contention that all public hearings were not conducted as required by law. At the time of the amendment to the ordinance, the applicable statutes were 160-172 to 178 (Repealed by Session Laws 1971, c. 698, effective January 1, 1972). It is undisputed that the ordinance was adopted only after proper notice and hearing before the Town Board as required by them. G.S. 160-176. The amendment to the zoning ordinance was adopted on recommendation of the zoning board. Plaintiffs argue that the zoning board had not conducted public hearings before making its recommendations to the Town Board as required by G.S. 160-177. The argument is without merit. That statute, G.S. 160-177, referred to public hearings on a final report on recommendations to the governing board for "the boundaries of the various original districts and appropriate regulations to be enforced therein." G.S. 160-177. The original zoning districts were established in 1950. The statute, G.S. 160-177, did not apply to subsequent changes in the ordinance in 1967. Compare G.S. 160A-387, the current version of former G.S. 160-177, which provides that public hearings "may" be held.

Plaintiffs have failed to show that the building permit they seek is for a use permitted by the zoning ordinance. Their action to compel the issuance of the permit was, therefore, properly dismissed.

Affirmed.

Judges PARKER and WEBB concur.